UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VERNON BONNER,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>MR. R. BYRD,<br><br>    Respondents. | Civil No. 08-1131 (JRT/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On April 24, 2008, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons. It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the conditions of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (See Order dated April 25, 2008; [Docket No. 2].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed in forma pauperis, ("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's order

expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by May 30, 2008, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee requirement. In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition. Therefore, it is now recommended, in accordance with the Court's prior order in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, No. 07-1426 (8th Cir. 2008), 2008 WL 540172 (unpublished opinion) at * 1 ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 6, 2008

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.